OPINION
{¶ 1} Defendant-appellant, Kenneth M. Dafforn, appeals the decision of the Clermont County Court of Common Pleas overruling his motion to withdraw his guilty plea to two counts of domestic violence. For the reasons set forth below, we affirm the trial court's decision.
 {¶ 2} On August 17, 2005, appellant was indicted on two fourth-degree felony counts of domestic violence in violation of R.C. 2919.25(A). Each count specified a previous domestic violence conviction that was entered on January 12, 2001. The instant charges arose out of an altercation involving appellant, his sister and step-father on July 4, 2005, during which appellant shoved and attempted to punch his sister, and bit his stepfather on the finger. Appellant was later indicted on charges involving the manufacture of methamphetamine, under a separate case number.
 {¶ 3} The state moved to consolidate both cases on January 26, 2006 for the purposes of trial. On February 1, 2006, however, prior to the trial court's ruling on the state's motion to consolidate, appellant entered a written plea of guilty to both domestic violence counts in exchange for the state's dismissal of the pending methamphetamine charges against appellant. The trial court accepted appellant's plea after conducting a full Crim.R. 11 hearing, determining that appellant entered such plea knowingly, intelligently and voluntarily.
 {¶ 4} During his sentencing hearing on February 24, 2006, appellant presented to the trial court an oral motion to withdraw his guilty plea, alleging that he made a "bad mistake" and "never wanted to take the plea bargain." The court immediately conducted a hearing on appellant's motion to withdraw, at the conclusion of which it overruled the motion, and proceeded to sentence appellant accordingly. Appellant appeals the trial court's decision overruling his motion to withdraw his guilty plea, raising a single assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court abused its discretion by overruling his motion to withdraw his guilty plea. Appellant maintains that the trial court neither afforded him a full and impartial hearing nor afforded his motion full and fair consideration. Appellant concedes, however, that he was represented by highly competent counsel and was afforded a complete Crim.R. 11 hearing before entering his plea.
 {¶ 7} A presentence motion to withdraw a guilty plea "should be freely and liberally granted." See State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, a defendant does not possess "an absolute right to withdraw a plea prior to sentencing." Id. As a result, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." Id. An abuse of discretion is more than an error of law or judgment, and implies that the trial court's ruling was "unreasonable, arbitrary or unconscionable." Id.
 {¶ 8} In determining whether a trial court's ruling on a motion to withdraw a guilty plea was an abuse of discretion, a reviewing court considers the following, nonexhaustive list of factors: "'(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal.'" See State v. McIntosh,160 Ohio App.3d 544, 547, 2005-Ohio-1760, ¶ 3, quoting State v. Jefferson, Hamilton App. No. C-020802, 2003-Ohio-4308, citing State v. Fish (1995),104 Ohio App.3d 236, 240.
 {¶ 9} After a thorough review of the record, we conclude that the trial court acted within its discretion in denying appellant's motion to withdraw his guilty plea. As an initial matter, appellant concedes he was represented by highly competent counsel and was afforded a complete Crim.R. 11 plea hearing. The record demonstrates that during his plea hearing, appellant was informed of the maximum penalties the trial court could impose upon him on each of the charges to which he pled. Appellant was advised of his rights, questioned at length as to his understanding of such rights and was asked at the conclusion of the trial court's colloquy whether he still wanted to enter a guilty plea.
 {¶ 10} Appellant indicated that he understood the nature of the proceedings, the charges against him and the potential penalties that could be imposed upon him if convicted on such charges. Appellant also indicated that he understood his rights, and that he was forfeiting certain rights by entering a plea of guilty. Appellant proceeded to openly admit to the state's version of the facts with no hesitation or any indication of his disagreement with the same. As a result, the trial court determined that appellant entered his guilty plea "knowingly, intelligently and voluntarily."
 {¶ 11} In addition, appellant received a full hearing on his motion to withdraw his guilty plea, during which the trial court allowed appellant to explain his reasons for wanting to withdraw his plea. Appellant stated as his central reason that he wanted this case to be consolidated with the case dismissed by the state in exchange for his plea. He also noted that he "never wanted to take the plea bargain," and wanted a chance to participate in his trial. When asked why, in light of these reasons, he entered a plea of guilty, appellant indicated that he believed he might receive a sentence of time served and probation.
 {¶ 12} In ruling on appellant's motion, the trial court first noted that appellant never submitted a written motion to withdraw his plea, and that his oral request to do so immediately prior to being sentenced was the first time the issue was raised. The trial court further noted that during his plea hearing, appellant expressed that he had discussed this case with his attorney and was satisfied with the representation he received. With respect to appellant's argument regarding consolidation, the trial court expressed its bewilderment as to appellant's concern, noting that the "more serious charge" appellant faced had been dismissed as a part of the plea agreement. Nevertheless, the trial court indicated that the state's motion to consolidate was pending and had not yet been ruled upon as of the time appellant accepted the plea bargain. Finally, the trial court emphasized that it participated in a thorough colloquy with appellant during the plea proceeding, at no time during which appellant indicated any hesitation or misunderstanding of the proceedings.
 {¶ 13} The trial court determined, and we agree, that appellant's wish to withdraw his guilty plea can only be characterized as a change of heart, and that appellant failed to demonstrate a reasonable basis for requesting to withdraw his plea. This court has found that a defendant who "has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed." State v. Ward, Clermont App. No. CA2005-05-033, 2006-Ohio-1662, quoting State v. Hamblin (Mar. 26, 2001), Butler App. No. CA2000-07-154.
 {¶ 14} The record demonstrates that the trial court allowed appellant to present his motion to the court, fully considered the motion, and determined that appellant proffered no reasonable basis for requesting to withdraw his plea. As stated, that appellant filed a motion to withdraw his guilty plea prior to sentencing does not create an absolute right for him to do so. See Xie, 62 Ohio St.2d at 527. We find no abuse of discretion in the trial court's decision. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 15} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.