OPINION
{¶ 1} Defendant-appellant, Rodney Gabbard, appeals the decision of the Clermont County Court of Common Pleas, denying his motion to withdraw his guilty plea. We affirm the trial court's decision.
 {¶ 2} In January 2005, appellant was indicted on one count of grand theft, and three counts of theft, in violation of R.C. 2913.02(A)(3), and four counts of telecommunications fraud, in violation of R.C.2913.05(A). The charges arose after he failed to deliver laptop computers to consumers who purchased them from him on the internet auction website eBay.
 {¶ 3} As part of a negotiated plea agreement, the state dismissed the counts of grand theft, theft, and one count of telecommunications fraud. On May 22, 2006, the court held a Crim.R. 11 hearing at which appellant entered a guilty plea to the remaining three counts of telecommunications fraud. At this hearing, the trial court informed appellant that if he made restitution "between now and sentencing, which will be sometime in late December or later this year, that these — then we would allow you to withdraw the pleas to the felonies and plead to misdemeanors at that time."
 {¶ 4} A sentencing hearing was set for January 5, 2006. On the day of the hearing, appellant filed a motion requesting to withdraw his guilty plea, premised on newly discovered evidence. A hearing was held on appellant's motion at which he entered several exhibits which he argued supported his innocence. They included a returned check, eBay records indicating that an online payment had been reversed, and shipping receipts reflecting shipments to the purchasers. Appellant presented no evidence regarding restitution. The trial court denied appellant's motion, noting that the evidence was available to appellant at the time he entered his plea, and that the state was prejudiced by the delay in the proceeding. The trial court proceeded to sentence appellant to a three-year period of community control.
 {¶ 5} Appellant appeals, raising the following assignment of error:
 {¶ 6} "IT WAS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO DENY APPELLANT'S MOTION TO WITHDRAW HIS PLEA."
 {¶ 7} It is well-established that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." State v.Dafforn, Clermont App. No. CA2006-03-023, 2006-Ohio-7035, ¶ 7, citingState v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, a defendant does not possess "an absolute right to withdraw a plea prior to sentencing." Xie at 527. As a result, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. On review, the trial court's decision will not be reversed absent an abuse of discretion. Id.
 {¶ 8} A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id. at 525, quoting State v. Smith (1977), 49 Ohio St.2d 261,264. More than an error of law or judgment, an abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary or unconscionable." State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 60, quoting, State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} When determining whether a trial court's ruling on a motion to withdraw a guilty plea constitutes an abuse of discretion, a reviewing court considers the following, nonexhaustive list of factors: "(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal." Dafforn at ¶ 8; State v.McIntosh, 160 Ohio App.3d 544, 547, 2005-Ohio-1760, ¶ 3, quotingState v. Jefferson, Hamilton App. No. C-020802, 2003-Ohio-4308, citingState v. Fish (1995), 104 Ohio App.3d 236, 240.
 {¶ 10} After a thorough review of the record, we conclude that the trial court acted within its discretion when it denied appellant's motion to withdraw his guilty plea. Appellant does not allege that his counsel was not competent, and review of the transcript of the plea hearing demonstrates that appellant was afforded a complete Crim.R. 11 hearing before entering his plea. At this hearing, appellant indicated that he understood the nature of the proceedings, the charges against him and the potential penalties that could be imposed upon him if convicted on such charges. Appellant also indicated that he understood his rights, and that he was forfeiting certain rights by entering a plea of guilty. Appellant proceeded to openly admit to the state's version of the facts with no hesitation or any indication of his disagreement. As a result, the trial court determined that appellant entered his guilty plea knowingly, intelligently and voluntarily. As well, appellant received a full hearing on the motion to withdraw his guilty plea, during which the trial court fully and fairly considered appellant's motion, and the evidence he offered.
 {¶ 11} The crux of appellant's argument is that his motion should have been granted because the alleged newly-discovered evidence demonstrates his innocence. When considering whether newly-discovered evidence warrants permitting withdrawal of a guilty plea, a trial court should consider whether the defendant may have a complete defense to the charges, the length of time between the entry of the guilty plea and the time that the motion to withdraw the guilty plea was filed, and the appellant's diligence in discovering the evidence. See State v. VanDyke, Lorain App. No. 02CA008204, 2003-Ohio-4788; State v. Fish (1995),104 Ohio App.3d 236, 240; United States v. Spencer (C.A.6, 1987), 836 F.2d 236, 238-239. "Prejudice to the state and a long delay in the proceedings are two major considerations weighing in favor of overruling a motion to withdraw a plea of guilty." State v. Price, Hamilton App. No. C-030262, 2003-Ohio-7109, ¶ 11.
 {¶ 12} Appellant pled guilty after requesting, and being granted, two continuances of the trial date, for health reasons. He filed his motion to withdraw his guilty plea nearly three months after he pled guilty, on the day the matter was set for sentencing. At this time, the state represented that it had been prejudiced by the delay, as it had lost contact with one of the alleged victims whom it would have called to testify at trial.
 {¶ 13} While appellant presented evidence purporting to demonstrate his innocence, the trial court noted that the evidence falls short of demonstrating a complete defense to the charges, as it relates only to the amount of the losses suffered by some of the victims. Further, appellant failed to demonstrate that he could not have discovered and produced this evidence with reasonable diligence before he pled guilty. See State v. Urbina, Defiance App. No. 4-06-17, 2006-Ohio-6921, ¶ 30;Van Dyke, 2003-Ohio-4788 (affirming denial of motion to withdraw guilty plea where defendant did not file motion to withdraw until three months after he pled guilty, and defendant did not show that he could not have obtained evidence with reasonable diligence prior to pleading guilty).
 {¶ 14} As noted by the trial court, the eBay and shipment evidence are dated 2004, and were readily available to appellant before entering his plea, and well before the motion to withdraw his plea was made. The returned check appellant presented at the hearing on the motion to withdraw his plea was admittedly in his possession during the entire course of this proceeding. Further, the record does not demonstrate that appellant made any effort to show that he could not with reasonable diligence have discovered and produced this evidence before he entered his plea.
 {¶ 15} The trial court allowed appellant to present his motion to the court, fully considered the motion, and determined that appellant proffered no reasonable basis for requesting to withdraw his plea. As stated, that appellant filed a motion to withdraw his guilty plea prior to sentencing does not create an absolute right for him to do so. SeeXie, 62 Ohio St.2d at 527. We find no abuse of discretion in the trial court's decision. Accordingly, appellant's sole assignment of error is overruled. {¶ 16} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.