OPINION
{¶ 1} Defendant-appellant, Raja Quinn, appeals his convictions in the Butler County Court of Common Pleas for possession of cocaine and having weapons while under disability.
 {¶ 2} On October 12, 2005, appellant was indicted on two counts of possession of cocaine in violation of R.C. 2925.11, one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), and one count of illegal use or possession of drug *Page 2 
paraphernalia in violation of R.C. 2925.14(C)(1).
 {¶ 3} On November 28, 2005, pursuant to a negotiated plea agreement, the state dismissed the drug paraphernalia charge, and appellant pleaded guilty to two counts of possession of cocaine and one count of having weapons while under a disability. On January 10, 2006, appellant filed a motion to withdraw his guilty plea, arguing that he was innocent of the charges and that his trial counsel had given him bad advice. The trial court denied appellant's motion and sentenced him to a 5 year prison term on Count 1, possession of cocaine, a 17-month prison term on Count 2, possession of cocaine, to be served concurrent with Count 1, and a one year prison term on Count 3, having weapons while under disability, to be served concurrent with Counts 1 and 2. Appellant appeals his conviction, raising the following assignment of error.[1]
 {¶ 4} Assignment of Error:
 {¶ 5} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, BY NOT ALLOWING THE WITHDRAWAL OF THE GUILTY PLEA."
 {¶ 6} Appellant argues that his conviction should be reversed because the trial court denied his motion to withdraw his guilty plea. We disagree.
 {¶ 7} It is well-established that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." State v. Xie
(1992), 62 Ohio St.3d 521, 527. "Nevertheless, * * * a defendant does not have an absolute right to withdraw a plea prior to sentencing." Id. As a result, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." Id. "Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed." Id. An abuse of discretion is more than an error of law or judgment, and implies that the trial court's ruling is *Page 3 
unreasonable, arbitrary or unconscionable. Id.
 {¶ 8} In determining whether a trial court's ruling on a motion to withdraw a guilty plea was an abuse of discretion, a reviewing court considers the following, nonexhaustive list of factors: "(1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal." State v. McIntosh, 160 Ohio App.3d 544,2005-Ohio-1760, ¶ 3; State v. Jefferson, Hamilton App. No. C-020802, 2003-Ohio-4308, ¶ 7, citing State v. Fish (1995), 104 Ohio App.3d 236,240.
 {¶ 9} The record indicates that the trial court conducted a thorough Crim.R. 11 hearing before accepting appellant's guilty plea. At this hearing, appellant indicated that he understood the nature of the proceedings, the charges against him, and the potential penalties that could be imposed upon him if the trial court accepted his guilty plea. Appellant also indicated that he understood the rights that he would be waiving by entering a guilty plea. Appellant then stated that he wished to plead guilty to Counts 1, 2, and 3, and reiterated his intention to plead guilty after the facts supporting each count were read. Accordingly, the trial court determined that appellant entered his guilty plea knowingly, intelligently, and voluntarily.
 {¶ 10} Further, appellant received a hearing on the motion to withdraw his guilty plea, during which the trial court considered appellant's motion, and the evidence he offered in *Page 4 
support. At this hearing, appellant argued that despite his guilty plea, he was innocent of the charges against him, and that he only entered a guilty plea because his trial counsel informed him that he would be found guilty at trial. Appellant also argued that he received advice from an employee of Butler County Pretrial Services, who told him that he would prevail at trial. However, when asked by the court, the Pretrial Services employee stated that she didn't recall telling appellant that he would prevail, and verified that the conversation she had with appellant took place a month before he entered his guilty plea. Appellant offered no further evidence other than unsupported statements that he was innocent. The extent to which the state would have been prejudiced by appellant's withdrawal of his guilty plea is unclear.
 {¶ 11} After reviewing the record, we conclude that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea. The trial court fully and fairly considered appellant's motion after conducting a hearing on the matter. As the court found, appellant pleaded guilty to the charges at the plea hearing after having been fully informed of the nature of the charges, the consequences of the plea, and the rights he was waiving. Further, the record does not indicate that appellant was represented by incompetent counsel at the plea hearing, and appellant indicated at the plea hearing that he had received all of the information necessary to make the decision to plead guilty.
 {¶ 12} The record also does not indicate that appellant had meritorious defenses to the charges. Rather, it appears from the record that appellant had a "change of heart" before he was to be sentenced. This court has previously held that a "change of heart" is insufficient justification to withdraw a plea. See State v. Metcalf, Butler App. No. CA2002-12- 299, 2003-Ohio-6782. As the Second Appellate District stated in State v. Sulek, Greene App. No. 2004-CA-2, 2005-Ohio-4514, ¶ 50, "a conclusory assertion of innocence, without any indication of the weaknesses in the State's evidence, exculpatory evidence, or affirmative defenses, is not entitled to much weight in considering whether a motion to withdraw a * * * *Page 5 
plea should have been granted." Accordingly, appellant's assignment of error is overruled.
 {¶ 13} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Having granted appellant's motion to strike the first assignment of error argued in his original brief, we only consider appellant's second assignment of error. *Page 1