[Cite as *State v. Brill*, 2013-Ohio-334.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :               CASE NO.  CA2012-05-016

                                 :               O P I N I O N
   - vs -                                                                        2/4/2013

                                   :

ROSCO E. BRILL,                            :

    Defendant-Appellant.            :


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No.11 CRI 00295


Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Landis S. Terhune-Olaker, P.O. Box 895, Washington C.H., Ohio 43160, for defendant-appellant


**RINGLAND, J.**

{¶ 1}  Defendant-appellant, Rosco E. Brill, appeals his sentence from the Fayette County Court of Common Pleas for unlawful sexual conduct with a minor.

{¶ 2}  On April 9, 2012, Brill pled guilty to one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree.  A sentencing hearing was subsequently held on May 7, 2012.  At the hearing, the trial court inquired about the

status of another child of Brill. Brill stated that when he was 18 years old, he fathered a child with a woman who was 15 years old. Counsel for Brill informed the court that Brill was charged with a misdemeanor based on that act, but that he was found not guilty. Taking that past act into consideration, the trial court sentenced Brill to five years of community control sanctions, including 180 days in jail. The court further ordered that a violation of the community control sanctions would result in an 18-month prison term.

{¶ 3} Brill now appeals the sentence imposed by the trial court, raising a single assignment of error for our review.

{¶ 4} Assignment of Error No.1:

{¶ 5} IN AN ABUSE OF ITS DISCRETION, THE TRIAL COURT ERRED BY IMPOSING GREATER THAN THE MINIMUM SENTENCES [SIC], AS BRILL HAD NO PRIOR LIFETIME FELONIES WHATSOEVER, AND INDEED HAD NO PRIOR CRIMINAL HISTORY AND WAS AND IS APOLOGETIC AND REMORSEFUL.

{¶ 6} Within this assignment of error, Brill argues that the trial court erred in considering offenses that he was found not guilty of when sentencing him for the present crime.

{¶ 7} At the sentencing hearing, the trial court stated that it was "considering the fact that he's fathered another child and that child was underage and he was an adult," adding further that the court may "consider it as a factor in this case."

{¶ 8} Appellate review of felony sentencing is controlled by the two-step procedure outlined by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. Under *Kalish*, this court must (1) examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law, and if so, (2) review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 4; *State v. Blanton*, 12th Dist. No. CA2008-09-235, 2009-

Ohio-3311, ¶ 18.

{¶ 9} In applying the first prong of the test outlined in *Kalish*, a trial court must consider the statutes that are specific to the case itself. *State v. Bishop*, 12th Dist. No. CA2010-08-054, 2011-Ohio-3429, ¶ 15, citing *Kalish* at ¶ 13; *Kalish* at ¶ 14. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range. *State v. Elliott*, 12th Dist. No. CA2009-03-020, 2009-Ohio-5926, ¶ 10, citing *Kalish* at ¶ 18. Through H.B. 86, the General Assembly amended R.C. 2929.11 and it now states that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The trial court has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure while considering "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 10} Brill cites to no authority indicating that the trial court may not consider his previous acts, whether they resulted in a conviction or not, in determining the proper sentence to satisfy the purposes of Ohio's sentencing structure. R.C. 2929.12(A) clearly states that the court may consider *any* factors relevant to achieving those purposes, and we therefore cannot find that the trial court erred in considering Brill's admission at the sentencing hearing that he fathered a child at 18 years of age with a 15-year-old woman.

{¶ 11} The judgment entry of conviction clearly indicates that the trial court "considered the statutory provisions set forth in Ohio Revised Cod §2929.11 and 2929.12 and find that a community control sanction will adequately punish the defendant and protect

- 3 -

the public." Furthermore, Brill was sentenced within the applicable statutory range. The maximum sentence for a felony of the fourth degree is 18 months in prison and a $5,000 fine. In the present case, Brill was sentenced to 180 days in jail, and only upon violation of his community control would he be required to serve 18 months in prison.

{¶ 12} In light of the foregoing, having found that the trial court properly applied the test outlined in *Kalish* and permissibly considered any factors relevant to achieving the purposes of Ohio's sentencing structure, we cannot find that Brill's sentence was clearly and convincingly contrary to law, nor that the trial court abused its discretion in imposing Brill's sentence. Accordingly, Brill's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.