[Cite as *State v. Snider*, 2013-Ohio-4641.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-10-075 |
| | : | O P I N I O N |
| - vs - | | 10/21/2013 |
| | : | |
| JOSEPH NELSON SNIDER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CR00432

D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

The Farrish Law Firm, Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Joseph N. Snider, appeals his convictions and sentence in the Clermont County Common Pleas Court for illegal assembly or possession of chemicals for the manufacture of drugs and breaking and entering. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} On July 25, 2012, Snider was indicted on charges of illegal assembly or

possession of chemicals for the manufacture of drugs, a third-degree felony (Count One), conspiracy to commit illegal manufacture of drugs, a third-degree felony (Count Two), and burglary, a second-degree felony (Count Three). The charges arose out of allegations that Snider purchased pseudoephedrine pills beginning January 3, 2011 through May 23, 2012 for the purpose of making methamphetamine and stole equipment from Combs Trucking on the night of May 23, 2012.

{¶ 3} On August 17, 2012, pursuant to a negotiated plea agreement, the state dismissed Count Two and Snider pleaded guilty to Count One and a reduced charge to Count Three of breaking and entering, a felony of the fifth degree. On August 28, 2012, Snider filed a pro se presentence motion to withdraw his guilty plea, arguing he was innocent of the charges to which he pled and his trial counsel made false promises to him regarding the length of the prison sentence the trial court would impose.

{¶ 4} After a hearing on September 13, 2012, the trial court denied Snider's motion and sentenced him to 24 months in prison on Count One and ten months in prison on the amended Count Three. The prison terms were ordered to run consecutive to one another and consecutive to a sentence Snider would receive in an unrelated case pending before a different trial judge. From his convictions and sentence, Snider appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING SNIDER'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 7} In his first assignment of error, Snider argues the trial court erred in denying his presentence motion to withdraw his guilty plea, as he had evidence to show he was not guilty of the offenses to which he pleaded, and he was misled by his incompetent trial counsel.

{¶ 8} "It is well-established that a presentence motion to withdraw a guilty plea

'should be freely and liberally granted.'" *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24, quoting *State v. Gabbard,* 12th Dist. Clermont No. CA2006-03-025, 2007-Ohio-461, ¶ 7. Nevertheless, a defendant does not possess "an absolute right to withdraw a plea prior to sentencing." *Id.*, citing *State v. Xie,* 62 Ohio St.3d 521, 527 (1992). A trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527. On review, the trial court's decision shall not be reversed absent an abuse of discretion. *Manis* at ¶ 24. An abuse of discretion is more than an error of law or judgment, but implies that the trial court's ruling was arbitrary, unreasonable, or unconscionable. *Id.*

{¶ 9} In reviewing whether the trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, this court considers the following factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal. *Id.* at ¶ 25; *State v. Dafforn*, 12th Dist. Clermont No. CA2006-03-023, 2006-Ohio-7035, ¶ 8.

{¶ 10} The transcript reveals Snider was afforded a complete Crim.R. 11 hearing before entering his plea. At the hearing, Snider indicated he understood the nature of the proceedings, the charges against him, and the potential penalties that could be imposed upon him if convicted on such charges. Snider also indicated he understood his rights and

was forfeiting certain rights by entering a plea of guilty. Snider then stated he wished to plead guilty to Count One and the amended charge under Count Three, and reiterated his intention to plead guilty after the facts supporting the counts were read. As a result, the trial court determined Snider entered his guilty plea knowingly, intelligently and voluntarily.

{¶ 11} Further, Snider received a hearing on the motion to withdraw his guilty plea, during which the trial court considered Snider's motion and the statements he offered in support. At this hearing, Snider argued that despite his guilty plea, he was innocent of the charges against him and only entered a guilty plea because his trial counsel made false promises relating to the length of the prison sentence the trial court would impose. However, Snider admitted he told the trial court at the plea hearing he had not been promised anything beyond what was contained in the plea agreement and he was satisfied with trial counsel's representation. Furthermore, when asked by the court, trial counsel denied ever making promises to Snider regarding the length of his possible prison sentence.

{¶ 12} Snider further argued he was innocent of the illegal assembly charge, claiming it was a co-defendant who actually possessed chemicals necessary to manufacture methamphetamine on May 23, 2012, the day he was arrested. Snider offered no other evidence beyond his unsupported claims of innocence. Further, Snider conceded that the charge under Count One alleged Snider had, over the course of several months, illegally assembled or possessed chemicals to manufacture methamphetamine and, therefore, if the state could prove that Snider possessed these chemicals on other days, that would be "a different story."[1]

{¶ 13} After reviewing the record, we conclude the trial court did not abuse its

---

1. At the hearing on his motion to withdraw, Snider asserted for the first time that he was also innocent of the charge of breaking and entering. However, after being questioned by the trial court, Snider repeatedly admitted that he entered the property of another without permission for the sole purpose of stealing.

discretion in denying Snider's motion to withdraw his guilty plea. The trial court fully and fairly considered Snider's motion after conducting a hearing on the matter. As the court found, Snider pleaded guilty to the charges at the plea hearing after having been fully informed of the nature of the charges, the consequences of the plea, and the rights he was waiving. Snider was represented by competent counsel at the plea hearing and does not have meritorious defenses to the charges. Rather, it appears that Snider had a "change of heart" before he was to be sentenced. "A defendant who 'has a change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed.'" *Dafforn*, 2006-Ohio-7035 at ¶ 13, quoting S*tate v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7; *State v. Quinn*, 12th Dist. Butler No. CA2006-03-049, 2007-Ohio-1363, ¶ 12 ("A 'change of heart' is insufficient justification to withdraw a plea").

{¶ 14} Accordingly, Snider's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING SNIDER.

{¶ 17} In his second assignment of error, Snider contends the trial court erred in sentencing him to ten months in prison on the breaking and entering charge and by imposing consecutive sentences.

{¶ 18} Snider first contends that the trial court erred in sentencing him to a term of incarceration on the breaking and entering charge when R.C. 2929.13 requires the trial court to sentence an offender to a community control sanction on felonies of the fifth degree. While it is true that 2011 Am.Sub.H.B. No. 86 "established a preference for, and in certain conditions, a presumption of, community control sanctions for fifth-degree felonies," this presumption does not apply here, as Snider committed the offenses while under a

- 5 -

community control sanction and the most serious charge against Snider at the time of sentencing was a felony of the third degree. *See State v. Glowka*, 12th Dist. Butler No. CA2012-10-203, 2013-Ohio-3080, ¶ 18; R.C. 2929.13(B)(1)(b)(xi) (providing that the court has discretion to impose a prison term upon an offender who pleads guilty to a felony of the fifth degree if the offender committed the offense while under a community control sanction); and R.C. 2929.13(B)(1)(a)(ii) (providing that, if an offender pleads guilty to a felony of the fifth degree, the court shall sentence the offender to a community control sanction if the most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree).

{¶ 19} The remainder of appellant's second assignment of error is overruled on the basis of *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 9-17; and *State v. Oren*, 12th Dist. Madison No. CA2012-05-010, 2013-Ohio-531, ¶ 26. The trial court considered a presentence investigation report, reviewed Snider's criminal history, and allowed Snider to present any mitigating evidence at the sentencing hearing. Furthermore, the trial court specifically stated that it considered the factors set forth in R.C. 2929.11, R.C. 2929.12, and R.C. 2929.14 before imposing Snider's sentence. Therefore, the imposed sentence does not run afoul of R.C. 2953.08(G)(2) and is not clearly and convincingly contrary to law.

{¶ 20} Accordingly, Snider's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.