[Cite as *State v. Hurst*, 2014-Ohio-4890.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2014-02-004 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/3/2014 |
| - vs - | : | |
| | : | |
| ROBERT HURST, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2013-2256


Jessica Little, Brown County Prosecuting Attorney, Mary McMullen, 510 East State Street, Suite 2, Georgetown, Ohio 45121, for plaintiff-appellee

Brafford & Phillips, Suellen M. Brafford, 285 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Robert Hurst, appeals from his conviction and three-year prison sentence he received in the Brown County Court of Common Pleas following his guilty plea to one count of sexual battery. For the reasons outlined below, we affirm.[1]

{¶ 2} On November 1, 2013, Hurst pled guilty to a bill of information that charged him

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar.

with one count of sexual battery in violation of R.C. 2907.03(A)(5), a third-degree felony. The charge stemmed from Hurst's sexual conduct with B.M., his then 13-year-old stepdaughter. After entering his guilty plea, Hurst was sentenced to three years in prison and classified a Tier III sex offender.

{¶ 3} Hurst now appeals from his conviction and three-year prison sentence, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} APPELLANT WAS NOT PROVIDED WITH EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 6} Under his first assignment of error, Hurst argues his conviction must be reversed as he was provided with ineffective assistance of trial counsel. We disagree.

{¶ 7} "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 17, quoting *Strickland* at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 54, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 8} That said, by pleading guilty, it is well-established Hurst waived the right to claim he was "prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary." *State v.*

*McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33; *State v. Neeley*, 12th Dist. Clinton No. CA2008-08-034, 2009-Ohio-2337, ¶ 33; *State v. Bene*, 12th Dist. Clermont No. CA2005-09-090, 2006-Ohio-3628, ¶ 26. In other words, "[w]hen a criminal defendant has admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *State v. Pardon*, 12th Dist. Warren No. CA2000-10-090, 2001 WL 848242, *1 (July 30, 2001), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973).

{¶ 9} In this case, Hurst does not challenge the knowing, intelligent and voluntary nature of his guilty plea. Instead, Hurst argues his trial counsel was ineffective for (1) allowing him to plead guilty to a bill of information as opposed to a grand jury indictment; and for (2) not discussing the case or any potential sentence with the judge prior to the plea hearing. According to Hurst, this was "improper and unethical." However, as noted above, by not challenging the knowing, intelligent and voluntary nature of his guilty plea, Hurst waived his right to claim he was prejudiced by any alleged deficiencies in his trial counsel's performance. *See, e.g., State v. Bradford*, 5th Dist. Stark No. 2013 CA 00124, 2014-Ohio-904, ¶ 85 (finding appellant waived ineffective assistance of counsel claim following his guilty plea where he did not argue his trial counsel's allegedly deficient performance caused his plea to be less than knowing, intelligent and voluntary); *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, ¶ 7 (same).

{¶ 10} Nevertheless, even if his ineffective assistance argument was not waived, the record does not support Hurst's claim that his trial counsel's purported deficiencies were outside the wide range of professionally competent assistance. The record likewise does not support any allegation that Hurst was somehow prejudiced thereby. Rather, the record firmly establishes that Hurst entered his guilty plea knowingly, intelligently and voluntarily in

- 3 -

compliance with Crim.R. 11 after the trial court engaged him in lengthy discussion regarding the rights he would be giving up by entering a guilty plea to the bill of information.

{¶ 11} Specifically, as it relates to Hurst's decision to waive his right to a grand jury indictment, the trial court stated, in pertinent part:

> THE COURT: Mr. Hurst, do you understand that the ordinary process that a felony gets before this Court is by way of Grand Jury?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Which are basically a group of nine citizens, who listen to that testimony, that is presented to them. They are given a law, from the State of Ohio * * *. They will give him the law, and then they will hand down what that I believe the charge is, on the basis of a standard of what's called "probable cause;" do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that that Grand Jury can do several things; One is, they can hand down this one charge, right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also understand, however, that they can hand down more serious charges or a greater number of charges, right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And they can also do the flip of that, which is to hand out no charge, which is called a "No Bill," in other words, not file any charge at all; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And it's my understanding that you're prepared to waive the necessity for the Grand Jury to review this, and you [want to] proceed by way of this Bill of Information, right?
>
> THE DEFENDANT: Yes.

{¶ 12} The record also contains a waiver of indictment form signed by Hurst. Nothing

about this indicates Hurst's trial counsel was ineffective or that he was somehow prejudiced by waiving his right to a grand jury indictment. Rather, just as the trial court found, Hurst's decision to proceed on the bill of information was entered knowingly, intelligently and voluntarily after he discussed the matter with his trial counsel.

{¶ 13} Moreover, although it may be true that his trial counsel did not discuss the case or any potential sentence with the judge prior to Hurst entering his plea, Hurst was made well aware of this fact during the plea hearing. As the trial court stated:

> THE COURT: * * * And is there any discussion, because I've not had anybody come to me to talk about sentence. So, I assume there's no –
>
> [THE STATE]: No, but there is nothing. There is –
>
> THE COURT: -- discussion on sentence?
>
> [THE STATE]: We would -- we would request a PSI, and we'll just argue –
>
> [DEFENSE COUNSEL]: We would argue sentence, Judge.
>
> THE COURT: All right. Mr. Hurst, is that your understanding, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you feel like you've had plenty of opportunity to discuss this situation with your attorney * * * ?
>
> THE DEFENDANT: Yeah.

{¶ 14} Thereafter, while again addressing Hurst prior to him entering his guilty plea, the trial court stated:

> THE COURT: * * * Do you understand that at this point in time, Mr. Hurst, there are no recommendations as to sentence? I'm the one who sentences, right? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I have agreed to order a PSI, which is a report about you, and I'm [going to] ask the State of Ohio to get me

some impact -- input, from the victim, and the victim's family, so that I know better how to sentence [you]. But there's no -- nobody can bind my hands on what I'm [going to] do. Do you understand that?

THE DEFENDANT: Yes.

{¶ 15} Again, nothing about this indicates Hurst's trial counsel was ineffective or that he was somehow prejudiced by his trial counsel's decision not to discuss the case or any potential sentence with the judge prior to the plea hearing. This is especially true here considering Hurst was repeatedly informed of the maximum sentence he could receive as part of his signed plea form, as well as during both his plea and sentencing hearings. The record also firmly establishes that Hurst was given the opportunity to provide mitigating evidence prior to the trial court handing down its sentence.

{¶ 16} In light of the foregoing, because we find Hurst did not receive ineffective assistance of counsel, and because Hurst's guilty plea was knowingly, intelligently and voluntarily made, Hurst's first assignment of error is overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} PROSECUTORIAL MISCONDUCT DURING THE SENTENCING PHASE DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS OF LAW.

{¶ 19} Under his second assignment of error, Hurst argues the state engaged in prosecutorial misconduct during his sentencing hearing by making reference to a series of pictures allegedly depicting underage girls that were found on his computer following his arrest. According to Hurst, by referencing these pictures at his sentencing hearing, the state was "attempting to sway" the trial court's sentencing decision by using "unsubstantiated facts and information to secure a long term jail sentence."

{¶ 20} However, contrary to Hurst's claim, it was not the state who first referenced the pictures found on Hurst's computer, but rather, the trial court itself who asked defense

counsel to address the pictures as the "big elephant in the room." We fail to see how this could rise to the level of prosecutorial misconduct.

{¶ 21} Furthermore, it is well-established that pursuant to R.C. 2929.12(A), the trial court may consider "any relevant factors in imposing a sentence." *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64. As the trial court stated, "having naked, underage children, on a hard drive, certainly, poses a * * * concern, as it relates to recidivism, under [R.C.] 2929.12." In turn, it was well within the trial court's discretion to consider the pictures found on Hurst's computer in imposing its sentence. *See, e.g., State v. Brill*, 12th Dist. Fayette No. CA2012-05-016, 2013-Ohio-334, ¶ 10 (finding no error where the trial court considered appellant's admission that he fathered a child at 18 years old with a then 15-year-old girl when sentencing appellant to one count of unlawful sexual conduct with a minor); *State v. Combs*, 12th Dist. Butler No. CA2000-03-047, 2005-Ohio-1923, ¶ 8 (finding the trial court did not err in considering the statements of other alleged victims when sentencing appellant to two counts of gross sexual imposition).

{¶ 22} Again, in determining the proper sentence to satisfy the purposes of Ohio's sentencing structure, R.C. 2929.12(A) clearly states that the court may consider any factors relevant to achieving those purposes. Therefore, as the state did not engage in prosecutorial misconduct during the sentencing hearing, nor did the trial court err by considering the pictures allegedly depicting underage girls found on Hurst's computer in imposing its sentence, Hurst's second assignment of error is overruled.

{¶ 23} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.