[Cite as *State v. Wofford*, 2015-Ohio-3708.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-10-210 |
| | : | O P I N I O N |
| - vs - | | 9/14/2015 |
| | : | |
| JUAN WOFFORD, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2014-06-0993

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Juan Wofford, #A710454, Ross Correctional Institution, P.O. Box 7010, Chillicothe, Ohio 45601, defendant-appellant, pro se

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Juan Wofford, appeals his conviction in the Butler County Court of Common Pleas for multiple offenses, including felonious assault and having weapons while under disability. For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} Wofford was indicted by a Butler County Grand Jury on multiple counts,

including attempted murder, felonious assault, and having weapons while under disability. The charges stemmed from allegations that Wofford shot Carlos Knight in the head with a firearm at Douglas Park in Middletown, Ohio.

{¶ 3} Wofford later pled guilty to one count of felonious assault in violation of R.C. 2903.11, a second-degree felony, with a firearm specification, and having weapons while under disability in violation of R.C. 2923.13, a third-degree felony.[1] The remaining charges were merged or dropped.[2] At the plea hearing, Wofford indicated that he understood the nature of his plea and the consequences of pleading guilty. The trial court accepted Wofford's plea as knowingly, intelligently, and voluntarily made. The trial court ordered a presentence investigation, and set a hearing date for sentencing.

{¶ 4} At his sentencing hearing, Wofford asked to address the court directly and requested a withdrawal of his guilty plea. As a result, the trial court scheduled a hearing on Wofford's motion to withdraw his guilty plea. During the hearing, Wofford testified that he did not believe the evidence was adequate to support his conviction and argued that he was pressured into accepting the plea agreement by his attorneys. The trial court denied Wofford's motion to withdraw his guilty plea, and proceeded with sentencing. The trial court sentenced Wofford to eight years imprisonment for the felonious assault charge, an additional three-year mandatory consecutive term for the firearm specification, and a concurrent term of three years to be served for having weapons while under disability for a total prison term of 11 years.

{¶ 5} Wofford now appeals his conviction and the trial court's denial of his motion to withdraw his guilty plea, raising multiple assignments of error for review. While the

---

1. The state preserved the right to file additional charges of murder if the victim succumbed to his injuries.

2. We note Wofford also pled guilty to possession of heroin in Case No. CR2014-07-1070. The trial court ordered that sentence to be served concurrent to Wofford's sentence imposed on the charges described above.

assignments of error contained in his pro se brief do not meet the requirements of App.R. 12 and App.R. 16, in the interest of justice, we will address the identifiable issues presented for review.

### I. Motion to Withdraw Guilty Plea

{¶ 6} We will first address Wofford's claim that the trial court erred by denying his presentence motion to withdraw his guilty plea.

{¶ 7} "It is well-established that a presentence motion to withdraw a guilty plea 'should be freely and liberally granted.'" *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24, quoting *State v. Gabbard*, 12th Dist. Clermont No. CA2006-03-025, 2007-Ohio-461, ¶ 7. Nevertheless, a defendant does not possess "an absolute right to withdraw a plea prior to sentencing." *State v. Snider*, 12th Dist. Clermont No. CA2012-10-075, 2013-Ohio-4641, ¶ 8. A trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.* On review, the trial court's decision will not be reversed absent an abuse of discretion. *State v. Ferrell*, 12th Dist. Madison No. CA2014-07-014, 2015-Ohio-1601, ¶ 11. An abuse of discretion is more than an error of law or judgment, but implies that the trial court's ruling was arbitrary, unreasonable, or unconscionable. *Manis* at ¶ 24.

{¶ 8} In reviewing whether the trial court abused its discretion in denying a presentence motion to withdraw a guilty plea, this court considers the following factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges and the possible

penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal. *Snider* at ¶ 9; *Manis* at ¶ 25.

{¶ 9} In the present case, the transcript reveals Wofford was afforded a complete Crim.R. 11 hearing before entering his plea. At the hearing, Wofford indicated he understood the nature of the proceedings, the charges against him, and the potential penalties that could be imposed upon him if convicted on such charges. Wofford also indicated he understood his rights and knew that he was forfeiting certain rights by entering a guilty plea. In addition, Wofford signed a written plea form, which stated that he was fully advised and understood the consequences of his plea agreement.

{¶ 10} After Wofford requested to withdraw his guilty plea, the trial court held a hearing where Wofford was provided a full and fair opportunity to explain his position on the matter. At the hearing, Wofford argued that despite his guilty plea, he was not guilty of the charges against him and only entered a guilty plea because his trial counsel was ineffective and pressured him into entering the deal with the state. At the conclusion of the hearing, the trial court denied Wofford's request to withdraw his guilty plea after considering Wofford's motion, the testimony in support of that motion, and the audio recording taken from Wofford's plea hearing.

{¶ 11} Based on our review, we conclude that the trial court acted within its discretion when it denied Wofford's motion to withdraw his guilty plea. As the trial court correctly found, Wofford pled guilty to the charges at the plea hearing after having been fully informed of the nature of the charges, the consequences of the plea, and the rights he was waiving. Wofford was represented by competent counsel at the plea hearing and does not have meritorious defenses to the charges. Rather, Wofford's decision to withdraw his guilty plea appears to be based on a "change of heart" before he was to be sentenced. "A defendant who 'has a

- 4 -

change of heart regarding his guilty plea should not be allowed to withdraw that plea just because he realizes that an unexpected sentence may be imposed.'" *State v. Dafforn*, 12th Dist. Clermont No. CA2006-03-023, 2006-Ohio-7035 at ¶ 13, quoting *State v. Ward*, 12th Dist. Clermont No. CA2005-05-033, 2006-Ohio-1162, ¶ 14; *State v. Quinn*, 12th Dist. Butler No. CA2006-03-049, 2007-Ohio-1363, ¶ 12 ("A 'change of heart' is insufficient justification to withdraw a plea"). Accordingly, the trial court did not err in denying Wofford's request to withdraw his guilty plea.

{¶ 12} Because the trial court did not err in denying Wofford's request to withdraw his guilty plea, we pause to address a number of arguments raised by Wofford that are waived by nature of his guilty plea. For example, Wofford claims that his conviction is based on "hearsay statements of alleged co-conspirators." In addition, Wofford alleges that his conviction is "against the manifest weight of the evidence." However, as noted above, Wofford's claims are wholly without merit as he entered a valid plea agreement with the state. This court has previously held that a guilty plea constitutes "a complete admission of [his] guilt." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16, citing Crim. R. 11. Consequently, there is no evidence to consider, and the trial court was not required to determine whether a factual basis existed to support the guilty plea, prior to entering judgment on that plea. *Id.* Accordingly, Wofford's plea provides the necessary proof of the elements of the crime to support the conviction. Furthermore, Wofford's conviction was not based on "hearsay," but rather Wofford's own admission of guilt. Wofford's claims to the contrary are without merit and overruled.

## II. Ineffective Assistance of Counsel

{¶ 13} Wofford next argues his conviction must be reversed because he was provided with ineffective assistance of trial counsel. Specifically, Wofford argues his trial counsel was ineffective for (1) failing to "properly work the case," (2) failing to interview potential alibi

witnesses, and (3) acting against his best interest by coercing him into entering a guilty plea by informing him that he would receive a minimum sentence.

{¶ 14} "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her counsel's actions were outside the wide range of professionally competent assistance, and that prejudice resulted by reason of counsel's actions." *State v. Hurst*, 12th Dist. Brown No. CA2014-02-004, 2014-Ohio-4890, ¶ 7, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 17. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 15} Essentially, Wofford argues that his counsel was ineffective for allegedly failing to provide a thorough investigation of the case and allegedly pressuring him into entering a guilty plea. However, Wofford never once indicated during his plea hearing that he was unhappy with his representation, or that he did not want to move forward with his guilty plea. In fact, Wofford expressly stated during the plea hearing that he was satisfied with his counsel's performance.

> THE COURT: Very well. All right. All right, Mr. Wofford, have you had a full and fair opportunity to discuss the nature of the charges lodged against you in the various indictments that we're talking about here today, the charges to which you are entering guilty pleas to here today?
>
> WOFFORD: Yes, sir.
>
> THE COURT: And you, likewise, had a full and fair opportunity to read, review, and discuss with [counsel] the plea forms which I have in my hand here today?
>
> WOFFORD: Yes, sir.

THE COURT: Are you satisfied with the advice, confidence, and counsel rendered to you by [counsel], with respect to their representation of you in these matters?

WOFFORD: Yes, sir.

THE COURT: Do you have any questions of me or them at this time?

WOFFORD: No, sir.

THE COURT: Very well. Are you asking the Court to accept your pleas of guilty to these charges * * * ?

WOFFORD: Yes, sir.

* * *

THE COURT: And you're satisfied that you're doing all of this knowingly, intelligently, and voluntarily?

WOFFORD: Yes, sir.

{¶ 16} Furthermore, Wofford's assertion that he was advised that he would receive the minimum sentence by pleading guilty to the relevant charges is contrary to the record in the case. The written plea forms expressly informed Wofford of the maximum sentence for each offense, and the trial court clearly articulated the maximum sentence on each offense during the plea colloquy. At no point did Wofford indicate that he believed he would be entitled to a minimum sentence, nor did he assert any misunderstanding with respect to the plea agreement.

THE COURT: Before I do that, Mr. Wofford, I want to inquire of you: Has anybody threatened you or coerced you in any way to cause you to come in here today and tender these various guilty pleas to the Court?

WOFFORD: No, sir.

THE COURT: Has anybody made you any promises in exchange for your pleas of guilty to these various charges other than what I've already represented on the record, specifically:

With respect to * * * that Count I [attempted murder] is being merged into pleas to Counts II and III [felonious assault and having weapons under disability] and the 3-year gun specification as to Count II; and

* * *

Anything else been promised to you, sir?

WOFFORD: No, sir.

{¶ 17} After review, we find Wofford did not receive ineffective assistance of counsel. The record here reflects that Wofford was represented by two attorneys who fully investigated the case and zealously represented his interests throughout the proceedings. Wofford's trial counsel procured a favorable plea arrangement that resulted in the dismissal of an attempted murder charge. The record firmly establishes that Wofford was fully informed of the maximum sentence he could receive as part of his plea and provided ample opportunity to raise concerns about his trial counsel's representation during the plea colloquy. In light of the foregoing, we find Wofford did not receive ineffective assistance of counsel. Wofford's arguments to the contrary are overruled.

### III. Double Jeopardy

{¶ 18} Next, Wofford asserts that his protection against double jeopardy as secured by the Fifth Amendment to the United States Constitution was violated because his plea agreement provides that he could be subject to additional charges if the victim dies from the injuries sustained in the felonious assault. We find Wofford's argument is without merit for several reasons. First, the issue of double jeopardy is not properly before this court, as the state has not elected to bring any additional charges following Wofford's plea agreement. However, even if it had, we note the Ohio Supreme Court has held that the state may preserve the right to file additional charges after entering into a negotiated guilty plea for a lesser offense if "the state expressly reserves the right to file additional charges on the record

at the time of the defendant's plea." *State v. Carpenter*, 68 Ohio St. 3d 59 (1993), syllabus. Here, the state did expressly reserve the right to file additional charges. Accordingly, Wofford's argument to the contrary is without merit.

### IV. Prosecutorial Misconduct

{¶ 19} Finally, Wofford argues the state violated the holding rendered in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), by failing to disclose exculpatory evidence. Specifically, Wofford claims the "victim stated that defendant wasent [sic] the one who shot him." However, Wofford provides absolutely no support, either by affidavit or otherwise, that this statement was ever wrongfully withheld. Simply put, the record is devoid of evidence that this alleged statement was ever made, let alone wrongfully withheld in violation of *Brady*. Accordingly, Wofford failed to establish the existence of any *Brady* violations.

### V. Conclusion

{¶ 20} After reviewing Wofford's brief and identifying the various issues raised on appeal, we find that Wofford has failed to raise any meritorious arguments for relief. Therefore, Wofford's arguments are without merit and hereby overruled.

{¶ 21} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.