[Cite as *State v. Taylor*, 2014-Ohio-3080.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-10-186 |
| | : | O P I N I O N |
| - vs - | | 7/14/2014 |
| | : | |
| RAYMOND TAYLOR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-05-0758

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Raymond Taylor, appeals his conviction and sentence in the Butler County Court of Common Pleas for menacing by stalking.

{¶ 2}   On May 29, 2013, the Butler County Grand Jury indicted Taylor on one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.21.1(A)(1).  Taylor initially entered a not guilty by reason of insanity plea on June 10, 2012.  That same day, a

suggestion of incompetency was also filed. After a forensic evaluation, Taylor was found competent to stand trial.

{¶ 3} On August 23, 2013, Taylor withdrew his not guilty by reason of insanity plea and pled guilty to the menacing by stalking charge. After holding a plea hearing, the trial court accepted Taylor's guilty plea and released him on a personal recognizance bond with the condition that he comply with the court's pretrial release orders. The trial court also informed Taylor it would consider a community control sentence, as provided in the plea agreement, if he complied with the pretrial release orders. The trial court scheduled a sentencing hearing for October 3, 2013. However, on October 2, 2013, a capias was issued based upon allegations that Taylor had violated the terms of his pretrial release, including failing to appear for his presentence investigation interview. Taylor was subsequently arrested.

{¶ 4} On October 3, 2013, the trial court held the sentencing hearing. At the outset of the hearing, the trial court noted Taylor failed to show up for his presentence investigation interview, and the following exchange took place:

> THE COURT: * * * Would your client like to now be interviewed for presentence investigation while he's in the Butler County Jail?
>
> THE DEFENDANT: I don't even want to get on probation, I'm just ready to take it to trial and plead a not guilty plea.
>
> THE COURT: Well we're way beyond that, sir. You've already been found guilty. You've already pled. We are set for sentencing. So here are the choices.
>
> THE DEFENDANT: Uh-huh. You can call me (phonetic) my time right now, if you'd like.
>
> THE COURT: Well the choice is to proceed, if you and your attorney decide you want to waive a presentence investigation report, you can do that and we'll proceed with sentencing - -
>
> THE DEFENDANT: I don't want no probation or nothing like that.

THE COURT: - - or we can order a presentence investigation report and continue this out about five or six weeks. You'll be held in Butler County Jail without bond.

THE DEFENDANT: That's cool.

[DEFENSE COUNSEL]: Do you want to be sentenced today or do you want to wait until - -

THE DEFENDANT: Sentenced today, I want to get sentenced today.

THE COURT: - -be sent to prison?

THE DEFENDANT: Yeah, today.

[DEFENSE COUNSEL]: Understand that that means you'll be sentenced to prison.

THE DEFENDANT: I don't care, all I got 11 more months to do if they give me the max.

[DEFENSE COUNSEL]: He's indicating that he wants to waive his PSI. I would not object to that if that's what he wants to do.

THE DEFENDANT: No due respect to you, Your Honor, I just want to get this over with.

THE COURT: Fair enough, fair enough.

The court then proceeded with the sentencing hearing and sentenced Taylor to a prison term of 15 months. Taylor appealed, assigning the following error:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF APPELLANT IN FAILING TO CONDUCT A HEARING ON HIS ORAL PRESENTENCE MOTION TO WITHDRAW GUILTY PLEA.

{¶ 6} In his sole assignment of error, Taylor asserts he made an oral motion to withdraw his guilty plea which the trial court denied without conducting a hearing. Taylor contends his statement: "I'm just ready to take it to trial and plead a not guilty plea" was an oral presentence motion to withdraw his guilty plea. As such, Taylor argues the trial court was required to conduct a hearing on his motion to determine whether a reasonable and

- 3 -

legitimate basis existed to withdraw the guilty plea. For the reasons set forth below, we agree.

{¶ 7} Pursuant to Crim.R. 32.1, a defendant may move to withdraw his guilty plea "before sentence is imposed." A presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Gabbard*, 12th Dist. Clermont No. CA2006-03-025, 2007-Ohio-461, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Nevertheless, a defendant does not possess "an absolute right to withdraw a plea prior to sentencing." *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24, quoting *Xie* at 527. Therefore, "[a] trial court *must* conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." (Emphasis added.) *Xie* at paragraph one of the syllabus; *see also Manis* at ¶ 24.[1] On review, we will not reverse a trial court's decision on a presentence motion to withdraw a guilty plea absent an abuse of discretion. *Manis* at ¶ 24. An abuse of discretion involves more than an error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Id.*

{¶ 8} The state contends Taylor did not move to withdraw his guilty plea, but rather his statements at the sentencing hearing merely reflected his desire to be sentenced that day and "get this case over with." However, we find Taylor made a presentence motion to withdraw his guilty plea when he stated, "I'm just ready to take it to trial and plead a not guilty plea." Although Taylor failed to use the words, "I move" or specifically request to "withdraw" his prior guilty plea, his statements reflected his desire and intent to plead not guilty and take the matter to trial. The trial court did not inquire any further regarding whether or why Taylor

---

1. This court has stated that the factors to be weighed in considering a presentence motion to withdraw a plea include: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Witherspoon*, 12th Dist. Butler No. CA2010-01-025, 2010-Ohio-4569, ¶ 10.

wanted to withdraw his guilty plea. Rather, the trial court informed Taylor he was "beyond that" point; he had already pled guilty, and his options were: (1) be sentenced that day and waive a presentence investigation or (2) continue the sentencing hearing so a presentence investigation could take place.

{¶ 9} Because Taylor made a request to withdraw his guilty plea prior to sentencing, *Xie* required the trial court to hold a hearing to determine whether there was a reasonable and legitimate basis for the motion. Although the court in *Xie* did not set forth the type of hearing required for a presentence motion to withdraw a guilty plea, the trial court here failed to hold any hearing or otherwise inquire as to the basis of Taylor's request to withdraw his guilty plea and proceed to trial. *See State v. Hurlburt*, 10th Dist. No. 12AP-231, 2013-Ohio-767, ¶ 7. In light of Taylor's statements at the outset of the hearing, we find it was unreasonable for the trial court to proceed with sentencing.

{¶ 10} Based on the foregoing, we sustain Taylor's sole assignment of error as the trial court failed to conduct a hearing on Taylor's oral motion to withdraw his guilty plea. The matter is remanded to the trial court, and the trial court is instructed to hold a hearing on Taylor's motion "to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus; *see also Witherspoon* at ¶ 10.

{¶ 11} Judgment of the trial court is reversed and the cause remanded.

PIPER, J., concurs.

S. POWELL, J., dissents.

**S. POWELL, J., dissenting.**

{¶ 12} I respectfully dissent from the majority's decision as Taylor never moved to withdraw his guilty plea prior to sentencing, thereby eliminating any obligation on behalf of

the trial court to hold a hearing. While Taylor did state that he was "ready to take it to trial and plead a not guilty plea," such remarks are completely undermined by his statements indicating he wanted to be sentenced immediately and that he just wanted to "get this over with." While I agree that no magic words are necessary to effectively move to withdraw a guilty plea, the trial court should not be forced to guess as to the defendant's wishes. This is particularly true here as Taylor was at all times represented by counsel. Therefore, because I agree with the state and find Taylor never moved to withdraw his guilty plea, I must dissent.