[Cite as *State v. Schwartz*, 2019-Ohio-4912.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-04-029 |
| | | CA2019-04-030 |
| | : | CA2019-04-031 |
| - vs - | | |
| | : | O P I N I O N |
| | | 12/2/2019 |
| JARED A. SCHWARTZ, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2016 CR 000336, 2018 CR 000159, and 2018 CR 000525

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

The Law Office of Wendy R. Calaway, Co., LPA, Wendy R. Calaway, 810 Sycamore Street, Suite 117, Cincinnati, Ohio 45202, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, Jared A. Schwartz, appeals from a decision in the Clermont County Court of Common Pleas denying his presentence motion to withdraw his guilty plea and his convictions for felonious assault, trafficking in marijuana, and violating community control. For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2} In February 2018, a Clermont County Grand Jury indicted appellant on three

offenses: felonious assault causing serious physical harm, a second-degree felony in violation of R.C. 2903.11(A)(1); felonious assault with a deadly weapon, a second-degree felony in violation of R.C. 2903.11(A)(2); and having a weapon under disability, a third-degree felony in violation of R.C. 2923.13(A)(3).[1]  Both felonious assault offenses had an R.C. 2941.145 firearm specification attached.  According to the bill of particulars, these offenses resulted from allegations that appellant severely beat his girlfriend with a firearm.

{¶ 3}  In June 2018, a Clermont County Grand Jury indicted appellant on two additional offenses: trafficking in marijuana, a fourth-degree felony in violation of R.C. 2925.03(A)(2) and possession of marijuana, a fifth-degree felony in violation of R.C. 2925.11(A).[2]  An asset forfeiture specification was attached to the trafficking offense. According to the bill of particulars, these offenses arose when law enforcement officers found 330 grams of marijuana in a gun safe in appellant's home while executing a search warrant for the firearm used during the assault offenses.

{¶ 4}  The assault charges were set for trial in late October 2018 and the drug charges were set for trial later in January 2019.  At the time appellant was charged with these offenses, he was serving a community control sentence imposed for two prior convictions of trafficking in heroin, fifth-degree felonies in violation of 2925.03(A)(1).[3]

{¶ 5}  On October 19, days before the assault trial was set to begin, appellant entered guilty pleas to felonious assault causing serious physical harm with an amended R.C. 2941.141 firearm specification and trafficking in marijuana with the asset forfeiture specification.  In exchange for the guilty pleas, the state agreed to dismiss the second felonious assault charge, the weapon under disability charge, and the possession of

---

1. CA2019-04-030
2. CA2019-04-031
3. CA2019-04-029

marijuana charge. Based, in part, on the guilty pleas, the Clermont County Adult Probation Department filed notice that appellant violated community control.

{¶ 6} Prior to his sentencing hearing, appellant terminated the trial attorney that negotiated the plea bargain (hereinafter referred to as "counsel") and hired a new attorney to represent him. Through his new attorney, appellant moved to withdraw his guilty plea on the basis that his counsel provided ineffective assistance, the trial court misinformed him of the penalties during the plea colloquy, and he had a complete or meritorious defense to the charges. Following a two-day hearing, the trial court subsequently denied the motion.

{¶ 7} In March 2019, the trial court held the sentencing hearing. At the hearing, appellant pled no contest to the community control violations and the trial court proceeded to sentence appellant. The trial court imposed a six-year prison term for the felonious assault, plus a one-year mandatory prison term for the firearm specification; a 12-month prison term for the trafficking in marijuana; and two 11-month prison terms on each of the heroin trafficking convictions from which appellant violated community control. The trial court ordered consecutive sentences for all the prison terms resulting in an aggregate stated prison sentence of nine years and ten months. The trial court properly notified appellant of the postrelease control conditions, including the mandatory three-year period for the felonious assault conviction.

{¶ 8} Appellant now appeals, raising five assignments of error for review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN DENYING JARED'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA.

{¶ 11} In his first assignment of error, appellant argues the trial court improperly denied his motion to withdraw the guilty plea because he established a legitimate basis for

the withdrawal and the trial court applied the wrong standard of review in considering the motion. Specifically, appellant contends he had a legitimate basis for withdrawal because counsel did not perform competently; the trial court incorrectly advised him that he was eligible for community control during the plea colloquy; he established a complete defense to the charges; and the state would not suffer any prejudice by the withdrawal.

{¶ 12} Pursuant to Crim. R. 32.1 a defendant may file a motion to withdraw a guilty plea prior to sentencing. A defendant does not have an absolute right to withdraw the guilty plea, but a presentence motion to withdraw a guilty plea should be freely and liberally granted when there is a reasonable and legitimate basis for the withdrawal. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992); *accord State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 24. The trial court must conduct a hearing on the matter to make that determination. *Xie* at paragraph one of the syllabus.

{¶ 13} An appellate court reviews the trial court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. *State v. Harris*, 12th Dist. Butler No. CA2018-04-076, 2019-Ohio-1700, ¶ 10. An abuse of discretion is more than an error of law or judgment, it is an attitude of the court that is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 14} An appellate court is guided by nine factors when reviewing whether the trial court abused its discretion in denying the motion:

(1)     whether the motion was made within a reasonable time,
(2)     whether the motion set out specific reasons for the withdrawal,
(3)     whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea,
(4)     whether the trial court gave full and fair consideration to the motion,
(5)     whether the defendant was represented by highly competent counsel,

- 4 -

(6) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea,

(7) whether the defendant understood the nature of the charges and the possible penalties,

(8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges, and

(9) whether the state would have been prejudiced by the withdrawal.

*See e.g. State v. Chisenhall*, 12th Dist. Clermont Nos. CA2015-07-055 and CA2015-07-063, 2016-Ohio-999, ¶ 12; *accord Harris* at ¶ 11. "No one factor is conclusive in the determination of whether a plea should be allowed to be withdrawn." *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7. A defendant's mere "change of heart" is insufficient cause to withdraw a guilty plea. *State v. Quinn*, 12th Dist. Butler No. CA2006-03-049, 2007-Ohio-1363, ¶ 12.

{¶ 15} After our review of the record, we find that the trial court did not abuse its discretion denying appellant's motion to withdraw his guilty plea. While a few of the factors do not weigh for or against appellant, none of the factors weigh in favor of allowing appellant to withdraw his guilty plea.

{¶ 16} The first four factors address the timeframe and substance of the motion and the trial court's response to it. Here, the trial court found the motion to be timely made and that appellant presented specific reasons for withdrawing his plea. Furthermore, the trial court conducted a two-day hearing in which the defense and the prosecutor presented multiple witnesses and documentary evidence. The trial court then issued a 27-page written decision on the motion. Consequently, we find that the trial court conducted a full and impartial hearing on the matter and gave fair consideration to the motion. Therefore, these factors militate against finding that the trial court abused its discretion. Moreover, the trial court's decision shows that the trial court did not apply an incorrect standard of review to the

matter. The trial court examined each claim by appellant to determine whether it was a reasonable and legitimate basis for a withdrawal.

{¶ 17} Next, we address counsel's competency. Appellant points to several examples to demonstrate his counsel was incompetent, these examples include: the failure to timely file reciprocal discovery (which, appellant argues, caused the trial court to sanction him by excluding an expert witness); the failure to subpoena a witness for trial; requiring payment for a private investigator and then failing to hire said investigator; suggesting appellant hire his law firm partner as co-counsel; and the failure to investigate the facts and inform appellant about trial strategy. At the motion to withdraw plea hearing, counsel and co-counsel testified to explain their performances. Contrary to appellant's claims, counsel provided a reasonable justification for his performance. Specifically, counsel explained that while he interviewed a separate potential witness, the only evidence he intended to use at trial was testimony from witnesses the state had previously identified, therefore, the late discovery response did not harm appellant's defense strategy. The decision as to what evidence to present and which witnesses to call are within trial counsel's professional judgment. *State v. Chamberlain*, 12th Dist. Brown No. CA2013-04-004, 2014-Ohio-4619, ¶ 52. Furthermore, counsel explained that he informally withdrew one witness during a chamber's discussion with the trial court because there were admissibility issues with the prospective testimony and the testimony was not conducive to support the chosen defense strategy. Second, the "exclusion" of the expert witness did not significantly undermine appellant's defense because there were also admissibility issues with the expert witness. The purpose of the expert was to explain how the victim's conduct before the assault may have been influenced by her use of drugs and alcohol prior to the incident. However, hospital records for the victim did not contain a toxicology report for the victim and there was no indication that the hospital even performed a

toxicology screen on the victim, therefore, the expert did not have any data on which to base his opinion. Moreover, the "exclusion" was an interlocutory order subject to later review during the trial should evidence adduced at trial make the expert warranted. Therefore, appellant was not completely foreclosed from calling the expert.

{¶ 18} Regarding the failure to hire a private investigator and issue a witness subpoena, counsel explained that an investigator was unnecessary because he was able to locate and contact the witness himself. Furthermore, he did not need a subpoena because the witness agreed to come to trial and appellant's decision to plead guilty obviated any need to further secure the witness's presence. Counsel also effectively returned the unused private investigator fee to appellant and his family.[4]

{¶ 19} Counsel further explained that he requested appellant hire his partner, instead of an outside attorney, for two reasons. First, appellant's proposed attorney focused primarily on civil matters. Second, the case was close to the trial setting and he wanted to make sure a second attorney could be ready in time without causing unnecessary delay. Finally, counsel testified that he kept appellant informed about the status of the case and the defense strategy. In the course of the representation, counsel was in ongoing negotiation with the state to acquire a favorable plea bargain for appellant. As such, the plea arrangement ultimately accepted by appellant was not a spur of the moment offer and appellant had at least a week to decide whether to take the offer. Accordingly, the evidence presented at the hearing established that appellant's counsel was competent and performed adequately. The trial court did not err when it decided this was a not a reasonable and legitimate basis on which to grant appellant's motion.

---

4. Counsel testified that appellant's family initiated a "charge back" on the credit card payment made to counsel for his services and the bank withdrew the funds from counsel's account. In addition, co-counsel issued a check in an agreed amount for unearned fees to appellant's family.

{¶ 20} Turning to the plea hearing factors, we find that the trial court afforded appellant a full plea hearing as required by Crim.R. 11 and appellant understood the nature of the charges and possible penalties for the offenses. Appellant 's argument that his plea was constitutionally infirm lacks merit.

{¶ 21} "A guilty plea that is not knowing, intelligent, and voluntary violates the Ohio and United States Constitutions." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 40. Ohio adopted Crim.R. 11 to give detailed instruction to a trial court on the procedure required when accepting a guilty plea, *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9, to ensure this standard has been met. *State v. Payne*, 12th Dist. Butler No. CA2015-12-219, 2016-Ohio-5470, ¶ 7. Before accepting a guilty plea to a felony offense, the trial court must comply with Crim.R. 11(C)(2) by advising a defendant of the constitutional rights to be waived by the plea, the nature of the charge, maximum penalty involved, and effect of the plea. *Montgomery* at ¶ 41. The trial court must strictly comply with the constitutional rights advisements, but need only substantially comply with the nonconstitutional advisements. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. Substantial compliance is realized when, in the totality of the circumstances, a defendant subjectively understands the implications of the plea and the rights to be waived. *Id.* Moreover, if the trial court only partially complied with the nonconstitutional advisements, the plea may be vacated only if the defendant shows a prejudicial effect, that is, the defendant shows the plea would not have otherwise been made. *Id.* at ¶ 32.

{¶ 22} The trial court advised appellant of each of the required constitutional rights, informed him of the nature of the charges, and notified him about the maximum penalty. The trial court then stated that imprisonment was presumed for the felonious assault offense and mandatory for the accompanying firearm specification, but appellant could rebut the

presumption for prison on the underlying felonious assault if he could establish specific mitigating factors. *See* R.C. 2929.13(D) and (F)(8). At no point during the plea hearing did the trial court suggest to appellant that he was "entitled" to community control for the felonious assault. In fact, the trial court told appellant that even if he rebutted the presumption for a prison sentence on the underlying felonious assault:

> I could consider you for community control as to the felonious assault only, but there's no guarantee that I will do that. If you cannot prove those [mitigation factors] at sentencing, those two specific factors, then I will be required to impose a sentence within that range of two to eight years.

After the trial court's Crim.R. 11(C)(2) advisements, appellant acknowledged he understood everything and did not have any questions. Appellant argues that the trial court incorrectly advised him that he was partially eligible for community control on the felonious assault offense. Appellant knew of his past criminal convictions, the fact that he was serving a community control sentence, and the serious circumstances of the felonious assault to which he was pleading guilty. Therefore, it logically follows that appellant subjectively understood that he was unlikely to rebut the presumption for prison and was not eligible to receive a community control sentence. At the plea hearing, appellant acknowledged he understood the penalties and did not exhibit any of the confusion he would later claim in the motion. *See State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 16 (trial court substantially complied with Crim.R. 11 when it informed defendant that he was ineligible for "probation" on the specification, but eligible with respect to the underlying offense because the advisement was reasonably intelligible and defendant showed no confusion); *See also State v. Nero*, 56 Ohio St.3d 106 (1990).

{¶ 23} As to the possibility of innocence or complete defense, appellant alternatively argues that the evidence at trial would have shown that he was guilty of the inferior degree

offense of aggravated assault or that he was completely innocent. However, any defense that "would not absolve appellant of all criminal responsibility or excuse his crimes" is not a complete defense, but merely a partial or imperfect defense. *State v. Baker*, 12th Dist. Fayette No. CA2010-11-033, 2011-Ohio-3431, ¶ 13. Therefore, appellant's argument that his inferior degree defense alone establishes a sufficient basis for withdrawal of the plea is without merit. Furthermore, the state introduced inculpatory evidence, including testimony from law enforcement, written witness statements, and crime scene photographs, that militated against finding appellant was possibly not guilty or had a complete defense to felonious assault. Regarding the trafficking offense, appellant did not submit any evidence to refute that the marijuana—found in a locked safe at his place of residence—was his. The state presented evidence that a scale was also found in the safe and appellant possessed multiple cellular telephones when he was subsequently arrested. Ultimately, the trial court carefully considered appellant's claims. The trial court systematically analyzed the testimony of each witness presented at the hearing to determine whether appellant presented any evidence of the possibility he was not guilty or had a justification for his conduct. The trial court decided appellant did not have a reasonable and legitimate basis on which to withdraw the guilty plea because none of the defense witnesses provided evidence as to appellant's possible innocence. Based on our review of the record, we agree and find that the trial court's decision was not unreasonable, arbitrary, or unconscionable.

{¶ 24} In addressing the prejudice to the state, appellant argues that the trial court made this a "super factor" when it described this factor as one that "tips the scale in favor of the state." We find that the trial court did not place undue weight on this factor. A plain reading of the trial court's decision shows that the trial court addressed this factor last and that the prejudice to the state was another factor, but not a predominate one, weighing

against granting the motion, because of the potential for any witness's loss of memory from the long length of time from the event. After our review of the record, we find that the trial court did not err in finding this issue weighed against granting the motion. Even if the trial court improperly found prejudice to the state, this factor alone does not establish that the trial court abused its discretion.

{¶ 25} Finally, we note that at the hearing to withdraw the plea the state admitted into evidence a recording of a jailhouse telephone call between appellant and his mother that occurred after his presentence-investigative report interview but before he filed the motion to withdraw. During the call, appellant repeatedly states that he did not care while speaking to his mother about the case. At one point he stated that "I don't want to talk to another lawyer," at another point he exclaimed "personally me…I'm ready to go to prison." While appellant offered an affidavit and his mother testified that this behavior was merely a result of his incarceration, the affidavit did not address or rebut these prior statements. This unrebutted evidence further militates against finding that the trial court abused its discretion in denying the motion and suggests that the motion was premised on a mere change of heart.

{¶ 26} Accordingly, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea. Appellant's first assignment of error is overruled.

{¶ 27} Assignment of Error No. 2:

{¶ 28} THE TRIAL COURT ERRED IN CONDUCTING A HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS PLEA THAT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW.

{¶ 29} In his second assignment of error, appellant argues that the trial court violated his due process rights for two reasons. First, the trial court made itself itself a witness

- 11 -

through its questions and statements at the plea withdrawal hearing.  Second, the trial court improperly refused to consider some of the evidence submitted by appellant.  We find appellant's argument lacks merit.

{¶ 30} The Ohio Supreme Court in *State v. Xie,* 62 Ohio St.3d 521, did not set forth the type of hearing required for a motion to withdraw a guilty plea.  *State v. Taylor*, 12th Dist. Butler No. CA2013-10-186, 2014-Ohio-3080, ¶ 9.  Other Ohio appellate districts have decided that the hearing must meet the minimum standards of due process, that is, there must be an opportunity for the defendant to be heard and meaningful notice.  *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 16; *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 24.  Here, the trial court conducted a full evidentiary hearing.  Appellant had meaningful notice of the hearing and at the hearing had the opportunity to present evidence, cross-examine adverse witnesses, and offer rebuttal evidence.

{¶ 31} During the hearing, the trial court engaged in its own interrogatory with appellant's legal expert witness.  While appellant characterizes the trial court's conduct as argumentative, interruptive, and an attempt to alter the trial court's pretrial evidentiary order, after our review of the record, we disagree.  A trial court can interrogate witnesses if done in an impartial manner.  Evid.R. 614(B); *State v. Baston*, 85 Ohio St.3d 418, 425-426 (1999). Here, the trial court questioned appellant's legal expert to ascertain the expert's understanding of the court order and what effect the order would have on any prospective trial.  The questions probed the basis of the expert's opinion on the matter.  There was no indication that the trial court had any hostility, spirit of ill will, or undue friendship to any of the litigants, witnesses, or attorneys that would establish bias in this matter.  *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 73.  Furthermore, the trial court did not further comment

on this witness or appellant's other witnesses. Consequently, we find that the court's questions did not prejudice appellant. Also, the court's statements to clarify its previous order did not convert the judge into a witness. The trial court merely sought to clarify, on the record, the context of the interlocutory order and establish that such order was subject to later circumstances as could develop at trial. There was no alteration to the effect of the order. Appellant has not established the trial court's questions and statements were not impartial or otherwise biased, hence, he cannot show that a violation of his right to due process occurred.

{¶ 32} Second, the trial court did not err when it decided it would not consider some of the evidence offered by appellant outside of the hearing. A trial court has broad discretion in the admission or exclusion of evidence. *State v. Martin*, 12th Dist. Butler No. CA2007-01-022, 2007-Ohio-7073, ¶ 9. A reviewing court will not disturb the trial court's evidentiary decision without a showing of an abuse of discretion that creates material prejudice. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62. Here, appellant argues that it was improper for the trial court to exclude his affidavit attached to the motion, the affidavits of other witnesses variously offered, and a 2006 school evaluation report. Appellant concedes that even if the trial court were to formally admit all this evidence, the trial court had the discretion to weigh the credibility of the affidavits and evidence.

{¶ 33} The trial court explained that it would not consider appellant's affidavit because he was not subject to cross-examination. Thus, the trial court essentially discounted the evidence as lacking credibility. The other evidence at the hearing, i.e. appellant's jailhouse telephone call to his mother and testimony about his presentence interview, and appellant's statements at the plea hearing acknowledging that he understood the plea and approved of his attorney's performance, further establish that it was not an abuse of discretion for the trial

court to discount appellant's affidavit.

{¶ 34} Moreover, the trial court did not err by excluding the affidavits of other witnesses, and a school evaluation report because appellant failed to introduce this evidence during the hearing. Throughout the hearing, appellant argued one witness was to be an important witness in the underlying assault trial, yet, he did not call her to testify at the hearing and only belatedly submitted her affidavit after the conclusion of the hearing. Therefore, as the trial court noted, this witness's testimony was also not subject to cross-examination. Additionally, appellant did not show cause for the delay in filing this affidavit, in fact, when he rested his case at the hearing, appellant stated that he had no further evidence to present and did not suggest that he had problems calling any witnesses. Regarding the other witness, while there was no delay, appellant did not call this witness to testify so there is also a cross-examination issue. Finally, appellant did not offer the school evaluation report at trial to lay a foundation for its authenticity or its relevance to the matter. The trial court discounted each of these because they lacked credibility. Therefore, it was not an abuse of discretion when the trial court decided it would not consider this evidence.

{¶ 35} Accordingly, appellant's second assignment of error is overruled.

{¶ 36} Assignment of Error No. 3:

{¶ 37} APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 38} In his third assignment of error, appellant argues that the failures previously discussed in the first assignment show that counsel's performance was deficient and that the deficiency prejudiced his defense, thereby establishing ineffective assistance.

{¶ 39} A criminal defendant has the right under the Sixth Amendment to the United States Constitution to effective assistance of counsel at critical stages—including entering a

guilty plea—of a criminal proceeding. *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, ¶ 14. In relation to a guilty plea, the analysis of an ineffective assistance claim does not turn on whether the defendant made the plea knowingly and voluntarily because that requirement arises from the separate constitutional guarantee of due process. *Id.* at ¶ 18, citing *Lafler v. Cooper,* 566 U.S. 156, 173, 132 S.Ct. 1376 (2012); and *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166 (1969). Instead, the reviewing court must examine counsel's performance and the alleged prejudice. *Id.* To prove ineffective assistance, a defendant must establish that his counsel's performance was deficient, i.e. fell below an objective standard of reasonableness, and that he suffered prejudice, i.e. that there is a reasonable probability the result of the proceeding would be different, but for the unprofessional errors. *Lafler,* 566 U.S. at 163, 132 S.Ct. 1376. In the context of an accepted guilty plea, the defendant must show there is a reasonable probability that, but for the errors, the defendant would not have pled guilty and would have insisted on going to trial. *Id.*, citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *accord Xie*, 62 Ohio St.3d at 524. On review, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052 (1984).

{¶ 40} After review of the record, we find that appellant's counsel did not perform below an objective standard of reasonableness. As discussed in the first assignment of error, counsel kept appellant informed about the defense strategy for trial, discussed the relative benefit of pleading guilty to the negotiated offer versus going to trial, and adequately investigated the facts. Furthermore, the record shows that trial counsel did not coerce appellant into pleading guilty. Appellant has not established that his counsel's performance was deficient. Ultimately, we find that appellant's decision to plead guilty was not the result

of improper advice, a failure to investigate, or coercion by trial counsel.

{¶ 41} Furthermore, we find that appellant has not established prejudice, because he has not shown that he would have decided to go to trial but for the alleged errors. Besides, none of the errors claimed by appellant significantly undermined the chosen defense strategy to be pursued at trial. The discovery issue and "exclusion" of the two witnesses did not adversely impact the defense. One of the potential witnesses faced significant admissibility hurdles and was only relevant to a theory of the case that conflicted with the chosen inferior degree strategy. The other potential witness, the expert, did not have any data on which to base an opinion and was not permanently excluded. The expert could have been introduced should later circumstances at trial have warranted it. Finally, while appellant argues that counsel mistakenly informed him that he would remain on bond between the plea hearing and sentencing, appellant has not placed any "particular emphasis" on this information such that this is a determinative factor for the ineffective assistance claim. *See Lockhart*, 474 U.S. at 60, 106 S.Ct. 366 (petitioner did not establish prejudice from mistaken advice about parole eligibility as it related to the decision to plead guilty).

{¶ 42} Accordingly, appellant has not established that his counsel rendered ineffective assistance. The third assignment of error is overruled.

{¶ 43} Assignment of Error No. 4:

{¶ 44} THE TRIAL COURT ERRED IN ACCEPTING A PLEA THAT WAS NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY

{¶ 45} For the reasons discussed in the first assignment of error, appellant's fourth assignment of error is without merit. The trial court complied with Crim.R. 11(C). Therefore, we find appellant made his guilty plea knowingly, intelligently, and voluntarily. Consequently, the fourth assignment of error is overruled.

- 16 -

{¶ 46} Assignment of Error No. 5:

{¶ 47} THE TRIAL COURT ERRED AT SENTENCING BY IMPOSING CONSECUTIVE SENTENCES AND BY IMPOSING A PRISON TERM THAT WAS NOT SUPPORTED BY THE RECORD.

{¶ 48} In his fifth assignment of error, appellant argues that it was improper for the trial court to impose consecutive sentences because he had not previously served a prison sentence and the "record did not support these sentences."

{¶ 49} An appellate court reviews felony sentences according to the standard set forth in R.C. 2953.08(G)(2). *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may "vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. As this court has previously explained, R.C. 2953.08(G)(2) establishes an extremely deferential standard of review. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 8.

{¶ 50} A sentence is not clearly and convincingly contrary to law where the trial court: considers the principles and purposes of R.C. 2929.11 and the factors listed in R.C. 2929.12; properly imposes postrelease control; and sentences the defendant within the applicable statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 51} The authority to impose consecutive sentences is found in R.C. 2929.14(C). Specifically, R.C. 2929.14(C)(1)(a) requires a trial court to run any mandatory prison term imposed pursuant to a firearm specification listed in R.C. 2929.14(B)(1)(a) "consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2),

or (B)(3) of this section or any other section of the Revised Code." Consequently, a trial court is mandated by R.C. 2929.14(C)(1)(a) to run prison terms imposed pursuant to firearm specifications consecutively to a prison term for the underlying offense. *State v. Ervin*, 12th Dist. Butler No. CA2017-06-084, 2018-Ohio-1359, ¶ 25. R.C. 2929.14(B)(1)(a)(iii) requires a one-year mandatory term of prison for an R.C. 2941.141 firearm specification.

{¶ 52} Additionally, a trial court may sentence a defendant to consecutive prison terms for multiple convictions by complying with the requirements of R.C. 2929.14(C)(4). Pursuant to R.C. 2929.14(C)(4), a trial court must make three findings at the sentencing hearing and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. A trial court must find that: (1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 17.

{¶ 53} In the instant case, appellant pled guilty to an R.C. 2941.141 firearm specification and the trial court properly imposed the mandatory prison term for the specification and ordered it to run consecutively to the prison term imposed for the underlying felonious assault. Accordingly, the trial court did not err in ordering consecutive service of the prison terms for felonious assault and the attendant firearm specification.

{¶ 54} Second, the record demonstrates that the trial court made the necessary R.C. 2929.14(C)(4) findings at the sentencing hearing and included those findings in the sentencing entries. At the hearing, the trial court discussed each conviction individually as to the specific case number and then separately made the consecutive sentence findings to run the sentences consecutively to one another. Regarding the sentence for the community control violations, the trial court stated:

> I believe that the consecutive structure is necessary to protect the public because this was your – you demonstrated in the [trafficking in marijuana] case that you would commit future crime. And so my prediction there was, unfortunately, accurate, but it was necessary to protect the public from future crime to punish the defendant that the consecutive sentences were not disproportionate to the seriousness of your conduct and the danger that you pose to the public [sic].
>
> These offenses were committed as part of two separate sales of heroin. And the harm caused by these offenses is so very unusual that a single person – that a single prison term, excuse me, for any one of these offenses committed does not adequately reflect the seriousness of your conduct, and a single sentence would demean the seriousness of your conduct.
>
> Further, your criminal history and the statutory scoring RS score supported that structure.

Then, the trial court addressed the felony assault conviction and stated:

> [T]his sentence will be served consecutively with the sentence imposed in the [community control violation] case. Again, I believe it's necessary to punish you for this conduct. This is very serious conduct, and is certainly necessary to protect the public

- 19 -

from future crimes. I do not believe that it's disproportionate to the seriousness of the harm caused. There were blow-out fractures of both eyes, nasal fracture and multiple other injuries, all causing serious physical harm. Any one of these three injuries would have been sufficient for a finding of felonious assault.

I believe in all these cases, a single sentence would demean the seriousness of these offenses. This offense was committed while you were on community control, and the very first sanction that I advise every person is you're not to commit any new criminal offenses – federal, state, or local – of any nature whatsoever.

And your criminal history, again, your RS score, reflects such a structure is warranted.

Finally, turning to the trafficking in marijuana conviction, the trial court stated:

This too will be served consecutively to the [community control violation] case and the [felony assault] case.

Once again, considering 2929.14(C)(4)(a) through (c), this again was committed while he was on community control for trafficking in heroin. It was committed candidly. At least he was honest about something in his presentence report; that when he got out of Ridge, he fell back to what he knew best, and that was trafficking and drugs.

He had a prior trafficking in 2005 when he was out of high school. He had permitting drug abuse in 2011, and then he had the heroin convictions in 2016. So he has a long history of this conduct. I believe the harm caused in this circumstance as well is great enough as a single sentence would demean the seriousness of the offenses and would not adequately punish the defendant.

While the trial court did not employ the exact language of R.C. 2929.14(C)(4) when it ordered the multiple sentences to be served consecutively, a "word-for-word recitation of the language of the statute" is unnecessary. *Bonnell*, 2014-Ohio-3177 at ¶ 29. Therefore, the trial court did not err in imposing the sentences consecutively.

{¶ 55} Appellant's contention that his sentences are not supported by the record is

without merit. The record shows that the trial court considered the purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. In sentencing appellant, the trial court noted that appellant showed no remorse for the assault, the assault was particularly violent in that the victim suffered extensive facial injuries, appellant committed both the assault and trafficking offenses while serving a community control sentence, and appellant had prior offenses, including drug offenses, that showed a likelihood of reoffending in the future. Therefore, the trial court found that prison was the appropriate punishment and consecutive service of the prison sentences was necessary. Further, the sentences are not contrary to law. The prison terms imposed were within the statutory range and the trial court properly imposed postrelease control. Finally, the trial court exercised its discretion by sentencing appellant to prison terms less than the statutory maximum.

{¶ 56} Appellant has failed to clearly and convincingly establish that his sentences were unsupported by the record or contrary to law. Accordingly, appellant's fifth assignment of error is overruled.

{¶ 57} Judgment affirmed

S. POWELL and M. POWELL, JJ., concur.